```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RYAN C. MADEYA,                                 :

                Plaintiff,                      :       ORDER

        -v.-                                    :
                                                        20 Civ. 289 (GWG)
COMMISSIONER OF SOCIAL SECURITY,                :

                Defendant.                      :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

BACKGROUND

      Plaintiff Ryan Madeya's application for Social Security benefits was denied both initially and following a hearing by an Administrative Law Judge. On January 13, 2020, Madeya filed the complaint in this case seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). See Complaint, filed January 13, 2020 (Docket # 1). After Madeya filed a motion for judgment on the pleadings, the parties stipulated to remand the matter to the agency. See Stipulation for Remand, dated September 10, 2020 (Docket # 17). On October 6, 2020, this Court ordered an attorney fee award to plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,828.52. See Consent Order for Payment of Fees Pursuant to the Equal Access to Justice Act, dated October 6, 2020 (Docket # 20).

      Following remand, the Commissioner found Madeya disabled and awarded Madeya a total of $64,268 in past-due benefits. See Notice of Change in Benefits, dated September 19, 2021, annexed as Exh. C to Charles E. Binder's Affirmation, filed October 5, 2021 (Docket # 22) ("Binder Aff."). The Commissioner withheld 25% of this amount, $16,104.13, for payment of Madeya's attorney fees. Id. at 2. Counsel now seeks to obtain this amount, pursuant to the contingent fee arrangement between Madeya and his counsel, which provided for a contingent fee of up to 25% of any past-due benefits. See Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), filed October 5, 2021 (Docket # 21); Retainer and Assignment Agreement at 1, dated December 14, 2019, annexed as Exh. A to Binder Aff. Counsel indicates that he will remit the EAJA award to his client if the instant fee application is granted. See Binder Aff. ¶ 13. Contemporaneous time records show that plaintiff's attorneys, Charles E. Binder and Patrick H. Busse, spent a combined 37.3 hours in the federal court proceeding. See Time Records, annexed as Exh. B to Binder Aff.

      The Government's response to the application questions whether the fee application is timely and the reasonableness of the amount requested. See Defendant's Response to Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b), filed October 14, 2021 (Docket # 24) ("Def. Let."). We address each issue next.

DISCUSSION

    Timeliness

First, the Court finds that counsel's Section 406(b) motion was timely. Fed. R. Civ. Proc. 54(d)(2)(B) requires that an attorney fee application be filed "no later than 14 days after the entry of judgment." The Second Circuit in Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019), held that this deadline applies to Section 406(b) applications following a judgment in a social security case but that the time period is tolled until "the claimant receives notice of the benefits calculation." Id. at 85. Sinkler also adverted to the presumption that a party receives communications three days after mailing. See id. at 89 n.5. Here, plaintiff's counsel relies on a notice of benefits dated September 19, 2021. See Notice of Change in Benefits. Thus, if the time period is tolled until this date, plaintiff's motion for attorney fees was due on October 6, 2021. Counsel's motion was filed on October 5, 2021.

The Government notes that the agency notification at issue here was entitled "Notice of Change in Benefits" rather than "Notice of Award," as was the case in Sinkler, and suggests that it is "up to the Court to determine whether Plaintiff's counsel's Section 406(b) motion as presented was timely filed or if more information from Plaintiff's counsel is required before making that determination." See Def. Let. at 3. But the Government surely knows if there was a prior "Notice of Award" that awarded the same amount of benefits as were set forth in the "Notice of Change in Benefits." If there was, the Court assumes the Government would inform the Court of this fact. Thus, we operate on the assumption that the "Notice of Change in Benefits" letter was the first time that notice of the particular award amount was given to the claimant. See Sinkler, 932 F.3d at 85 (the limitations period is tolled until receipt of "notice of the amount of any benefits award" since it is only after learning the amount that counsel will know "the maximum attorney's fee that may be awarded under § 406(b)."). Courts have applied Sinkler's 14-day limitations period to mailings containing information as to the amount of benefits even where the information was contained in a "Notice of Change in Benefits" rather than a "Notice of Award." See Phillip v. Comm'r of Soc. Sec., 2021 WL 681289 (S.D.N.Y. Feb. 22, 2021); Esposito v. Saul, 2020 WL 3026459, at *2 (D. Conn. June 5, 2020). We note further that the wording of the Notice of Change in Benefits letter in this case suggests that it constitutes the first notice of the benefits calculation.

Reasonableness of Award

Pursuant to statute, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." See 42 U.S.C. § 406(b)(1)(A).

In determining whether a fee is reasonable, even in the case of a contractual contingency fee arrangement, courts look to the following factors:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)).

    Here, the first two factors weigh in favor of approving the fee request.  Madeya's counsel wrote a lengthy and detailed memorandum of law laying out the reasons why a remand was justified.  See Memorandum of Law in Support of Motion for Judgment on the Pleadings, filed July 17, 2020 (Docket # 15).  The briefing achieved its intended goal of obtaining a remand for Madeya and led to an award of benefits by the agency.  Second, there is no evidence that Madeya's counsel engaged in a delay of the proceedings to increase the potential fee award.

    With respect to the third factor – whether the award constitutes a "windfall" – courts have relied on the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Joslyn, 389 F. Supp. 2d at 456-57.  These factors also weigh in favor of the requested fee award. As noted, Madeya's counsel produced a highly favorable result for their client.  Counsel's 36-page brief contained a careful examination of pertinent facts and application of law. Madeya's attorneys have extensive experience working on social security disability matters, see Binder Aff. ¶¶ 9-11, and the total number of hours expended was reasonable for a case of this nature.

    Under Gisbrecht, a court must consider whether the benefits obtained through a counsel's representation are "large in comparison to the amount of time counsel spent on the case," and, if the court so finds, may adjust downward a fee award that is based on the amount of those benefits.  535 U.S. at 808.  However, "a reduction in the agreed-upon contingency amount should not be made lightly," as "a contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners."  Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007).  Here, the requested fee would be the equivalent of an hourly rate of $431.75. Far higher de facto hourly rates have been approved by courts as reasonable in social security cases.  See Valle v. Colvin, 2019 WL 2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); Nieves v. Colvin, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26,

2017) ($1,009.11).  As to this case, we see no reason to reduce the amount provided in the contingent fee arrangement given counsel's skill, competence, and efficiency.  In light of the fact that, as already discussed, the many factors for judging reasonableness identified by courts have been satisfied in this case, the fact that Madeya's case was not a sure winner, and the importance of encouraging attorneys to accept social security cases on a contingency basis, the Court concludes that the award sought here is not so large in relation to the hours expended by counsel that it requires reduction.

While the Court will grant the requested award of $16,104.13, counsel is required to remit to the claimant the previous $7,828.52 award to counsel pursuant to the EAJA, see Gisbrecht, 535 U.S. at 796 (where a fee award is made both under the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee"), as counsel has already agreed to do, see Binder Aff. ¶ 13.

CONCLUSION

Counsel's motion for an award of $16,104.13 (Docket # 21) is granted.  Counsel is ordered to return to Madeya the $7,828.52 received pursuant to the EAJA.

SO ORDERED.

Dated: November 8, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge